NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>EVELYN H. MELILO,<br><br>        Debtor. | On Appeal from an Order for the United States Bankruptcy Court, District of New Jersey |
| MICHAEL BANDLER,<br><br>        Appellant,<br><br>v.<br><br>EVELYN H. MELILLO,<br><br>        Appellee. | Civ. No. 15-3880<br><br>OPINION |

THOMPSON, U.S.D.J.

      This matter comes before the Court on an appeal by *pro se* Appellant Michael Bandler, from the decision of the Bankruptcy Court on May 8, 2015 dismissing with prejudice Appellant's adversarial complaint and granting Appellee Evelyn Melillo a discharge; an Order implementing this decision was issued on June 9, 2015. (ECF No. 1.) *Pro se* Appellee opposes. (ECF No. 12.) For the reasons below, the June 9, 2015 Order of the Bankruptcy Court will be affirmed.

BACKGROUND

      On April 17, 2014 Appellee filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Bankruptcy Code. (Case No. 14-17603 CMG.) Throughout the bankruptcy

1

proceedings, Appellee was represented by counsel, while Appellant was *pro se*. Appellant claims that Appellee knowingly filed incorrect schedules and gave deposition testimony contradicting her sworn statements at the Creditors Meeting. Thus, on July 14, 2014, Appellant filed an adversarial complaint objecting to a discharge under 11 U.S.C. § 523 on the basis of fraud, false misrepresentation, perjury and willful injury. (Case No. 14-01631 CMG.) Appellee filed an Answer on August 7, 2014. (Case No. 14-01631 CMG, ECF No. 4.) On August 11, 2014 Appellee filed amended schedules to correct her previous filings, but Appellant claims that they were never served on him. (Case No. 14-17603 CMG, ECF No. 8.)

On October 10, 2014, the Bankruptcy Court issued a Scheduling Order setting a trial date of March 13, 2015. (Case No. 14-01631 CMG, ECF No. 9.) Appellant contends that he was not aware of the amended schedules filed by Appellee when he consented to the scheduling order. Upon learning of the amended schedules, Appellant filed interrogatories to discover the basis for the amended schedules, but claims that Appellee failed to respond to the requests, thus prompting Appellant to file a Motion to Compel on December 29, 2014. (Case No. 14-01631 CMG, ECF No. 16.) On January 20, 2015, the Bankruptcy Court conducted a hearing on the Motion and allegedly ordered Appellee to provide responsive answers to the interrogatories by early February 2015.[1] Appellant then moved to hold Appellee in contempt on February 18, 2015, claiming she failed to timely respond to the interrogatories. (Case No. 14-01631 CMG, ECF No. 20.) Appellee opposed the motion, and her lawyer certified that interrogatory responses were timely submitted. (Case No. 14-01631 CMG, ECF No. 23.) At this point, trial

---

[1] No Order was filed on the docket after this hearing.

and the hearing on the contempt motion[2] were scheduled for March 13, 2015.  Appellant alleges that he was entitled to a jury trial for parts of his adversarial complaint and had requested an adjournment of the trial in light of the pending discovery dispute and contempt motion, but that these requests were denied by the Bankruptcy Court.  Trial began on March 13, 2015 but was adjourned until May 8, 2015, at which time the Bankruptcy Court heard final arguments from the parties on the matter, dismissed Appellant's adversarial complaint, and granted a judgment of discharge in favor of the Appellee, stating orally on the record the basis for its decision.  (May 8, 2015 Tr., ECF No. 1-1.)  On Order implementing the Bankruptcy Court's decision was issued on June 9, 2015.  (ECF No. 1-3.)

Appellant presently appeals from the Order, claiming that he was denied procedural due process because he was prejudiced by (1) the inability to obtain discovery related to Appellee's Amended Schedules, (2) the short discovery schedule, (3) the Bankruptcy Court's failure to address his contempt motion and enforce its previous decision on his motion to compel, and (4) the failure of the Bankruptcy Court to provide him a jury trial.  Appellant asks this Court to reverse the Bankruptcy Court's Order, reinstate his adversarial complaint, and remand the case to the Bankruptcy Court to complete discovery and hold a jury trial.

## DISCUSSION

A.  Legal Standard

District courts retain jurisdiction over appeals from decisions of bankruptcy judges under 28 U.S.C. § 158(a)(3).  Bankruptcy Rule 8013 states that a district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further

---

[2] It appears from the docket of Case No. 14-01631-CMG that initially the hearing on the contempt motion was scheduled for March 17, 2013, but it was later re-scheduled for March 13, 2015.  (*See* docket entry dated Mar. 10, 2015.)

proceedings." Fed. R. Bank. P. 8013.  The district court "review[s] the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Am. Pad & Paper Co.*, 478 F.3d 546, 551 (3d Cir. 2007); *see also* Fed. R. Bank. P. 8013 (directing that "[f]indings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.").  A factual finding is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Systems, Inc*., 327 F.3d 242, 244 (3d Cir. 2003).

    B. Analysis

Appellant's arguments appear to boil down to two claims: first, that he was denied procedural due process as a result of the Bankruptcy Court's scheduling practices and failure to provide him with his requested discovery; and second, that he was wrongfully denied a jury trial.  For the reasons below, the Court finds that neither argument compels a reversal or remand of the Bankruptcy Court's rulings.

Despite being framed as a procedural due process deprivation, Appellant's first claim essentially contests the appropriateness of the Bankruptcy Court's scheduling and discovery rulings.  *See, e.g.*, *Falciglia v. Erie Cnty. Prison*, No. C.A. 06-192E, 2007 WL 3033746, at *1 (W.D. Pa. Oct. 16, 2007), *aff'd*, 279 F. App'x 138 (3d Cir. 2008) (construing the plaintiff's claim that the magistrate judge violated the plaintiff's procedural due process rights through its discovery rulings as an appeal of the magistrate judge's rulings, reviewable for abuse of discretion); *Easley v. Martin*, 19 F.3d 15 (5th Cir. 1994) (same).  Trial courts retain broad discretion in managing discovery and case schedules.  *See In re Sfadia*, No. ADV. 03-01404-GM, 2007 WL 7540987, at *6 (B.A.P. 9th Cir. Sept. 5, 2007) (citing cases to illustrate the

4

discretion afforded to bankruptcy courts with respect to discovery rulings, requests for continuances, and managing caseloads); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (explaining that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court"); *U.S. v. Ortiz*, 220 F. App'x 13, 15 (2d Cir. 2007) (explaining that the decision of whether to adjourn a trial date is traditionally within the discretion of the trial judge) (internal citations and quotation marks omitted). Thus, discovery and scheduling decisions are reviewed only for abuse of discretion, which generally requires a demonstration of actual prejudice to the litigant. *See In re Sfadia*, 2007 WL 7540987, at *6 ("We review the bankruptcy court's discovery rulings, case management, and its enforcement of the local rules for an abuse of discretion."); *In re Fine Paper Antitrust Litig.*, 685 F.2d at 817–18 ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant. Similarly we will not upset a district court's conduct of discovery procedures absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible.") (internal citations and quotation marks omitted).

      Here, Appellant argues that his inability to obtain discovery relating to Appellee's Amended Schedules before trial prejudiced his ability to fully present his position. It appears that Appellant wanted discovery in order to support his adversarial complaint, which objects to a discharge under 11 U.S.C. § 523 on the basis of alleged fraud, false misrepresentation, perjury and willful injury by Appellee relating to her filed Schedules.[3] The complaint alleges that

---

[3] It appears that at trial Appellant also asserted these claims under 11 U.S.C. § 727 even though it was not alleged in his adversarial complaint.

Appellee (1) falsely claimed a $420 per month child support deduction on her schedule despite the lack of domestic support obligations; (2) failed to declare her receipt of $455 per month support payments from her former husband; (3) misrepresented her monthly net income to be negative $550 instead of the net positive monthly amount of $325, calculated by taking into account (1) and (2) above; and (4) misstated the reason for her bankruptcy and made false statements with respect to a stolen car.  (Case No. 14-01631, CMG ECF No. 1.)  The Bankruptcy Court dismissed Appellant's adversarial complaint, finding that the errors in Appellee's initial schedules were corrected in her Amended Schedules, that Appellee was credible in its explanation that the errors were the result of mere carelessness rather than intentional bad faith, and that ultimately the erroneous dollar amounts that Appellee reported in her schedules were too small to change the discharge decision even if they had been willfully false.  (May 8, 2015 Tr. at 10, ECF No. 1-1.)

Exceptions to discharge under Section 523 are narrowly construed.  *See In re Riso*, 978 F.2d 1151, 1154 (9th Cir. 1992); *In re Strack*, 524 F.3d 493, 497 (4th Cir. 2008).  Similarly, "a claim for denial of discharge under § 727 is construed liberally in favor of the discharge and strictly against a person objecting to the discharge." *In re Roberts*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005).  In order to deny a bankruptcy discharge under § 727, a debtor's false oath must be material, meaning it must relate to "the condition of the estate or to the debtor's entitlement to discharge." *In re Fischer*, 4 B.R. 517, 518 (Bankr. S.D. Fla. May 9, 1980) (citing Collier on Bankruptcy (15th ed.) P 727.04 n.4).  Here, the Court agrees with the Bankruptcy Court that the discrepancies in Appellee's schedules are not material because they are too small in amount to have changed the debtor's entitlement to discharge and they were timely corrected.  It appears that Appellee merely misreported $420 as a monthly family support obligation instead of listing

6

it as monthly family support income received.[4]  *Compare In re Fischer*, 4 B.R. at 518 (finding the debtor's false statement that he was unemployed despite his full time employment as a security guard earning $440 a month to be false but not material) *to In re Guthrie*, 265 B.R. 253, 260–62 (Bankr. M.D. Ala. Aug. 3, 2001) (finding the debtor's failure to report an entire year's worth of income from the U.S. Navy to be material, but nevertheless granting discharge because there was no fraudulent intent).  Moreover, Appellee corrected any alleged misstatements in her schedule in her amended schedule.  *See In re O'Neill*, 468 B.R. 308, 337–38 (Bank. N.D. Ill. Feb. 8, 2012) (finding omissions regarding the sale of an asset not material in part because they were timely corrected); *In re Dupree*, 336 B.R. 520, 533 (Bankr. M.D. Fla. 2005) (declining to deny discharge where statements on debtor's schedules were subsequently corrected); *In re Ramon*, 433 B.R. 571, 578–79 (Bank. N.D. Tex. June 10, 2010) (refusing to deny discharge where the debtor's failure to list assets with a value of less than $100 in its schedules was not material, and the mistake was corrected in amended schedules).  Nor has Appellant shown any clear error with respect to the Bankruptcy Court's assessment of Appellee's credibility and intent.  Based on the above, even if Appellant had been able to obtain the extensions and discovery it requested, it would not have changed the outcome of discharge.  Thus, Appellant has not shown actual prejudice caused by the Bankruptcy Court's discovery and scheduling decisions, and the Court finds no abuse of discretion in the Bankruptcy Court's refusals to compel discovery, extend the discovery timeline, and adjourn trial.

---

[4] Comparing Appellee's initial Schedule I and amended Schedule I show that she initially listed $420 as domestic support obligations to be deducted from her income on line 5f, but later reported the $420 as family support payments received as income on line 8c.  This supports the Bankruptcy Court's finding that Appellee was merely careless in filling out the schedule.

Appellant's second claim of error challenges the Bankruptcy Court's denial of a jury trial. The U.S. Supreme Court in *Granfinanciera, S.A. v. Norberg*, held that the Seventh Amendment was intended "to preserve the right to jury trial as it existed in 1791" and thus confers the right to a jury trial only for legal actions "ordinarily decided in English law courts in the late 18th century" and not for equitable actions. 492 U.S. 33, 41–42 (1989). After *Granfinanciera*, courts have held that there is no right to a jury trial for proceedings to determine the dischargeability of debts because they involve equitable rather than legal claims. *See, e.g.*, *In re Hashemi*, 104 F.3d 1122, 1124 (9th Cir. 1996); *In re McLaren*, 3 F.3d 958, 960 (6th Cir. 1993); *Matter of Hallahan*, 936 F.2d 1496, 1505 (7th Cir. 1991). In addition, creditors who present claims to and thereby subject themselves to the bankruptcy court's equitable jurisdiction lose their right to a jury trial in actions that are "integral to the restructuring of the debtor-creditor relationship." *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990); *see also Granfinanciera*, 492 U.S. at 59 n.14. Therefore, Appellant has no right to a jury trial, and the Bankruptcy Court did not commit error in denying Appellant's request for a jury trial.

## CONCLUSION

For the reasons above, the June 9, 2015 Order of the Bankruptcy Court will be affirmed. A corresponding Order follows.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

8