NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>EVELYN H. MELILO,<br><br>            Debtor. | On Appeal from an Order for the United States Bankruptcy Court, District of New Jersey |
| MICHAEL BANDLER,<br><br>            Appellant,<br><br>v.<br><br>EVELYN H. MELILLO,<br><br>            Appellee. | Civ. No. 15-3880<br><br>OPINION |

THOMPSON, U.S.D.J.

      This matter comes before the Court on Appellant Michael Bandler's motion for an extension of time to file a notice of appeal. The motion arises out of this Court's oder affirming the decision of the Bankruptcy Court on May 8, 2015, dismissing with prejudice Appellant's adversarial complaint and granting Appellee Evelyn Melillo a discharge. (ECF No. 1). The Court has decided the motion based on the submissions of the parties and without oral argument pursuant to Local Rule 78.1(b). For the reasons stated below, Appellant's motion will be granted.

1

BACKGROUND

The motion arises out of bankruptcy proceedings in which the Bankruptcy Court granted Appellee a discharge from debt to Appellant. (ECF No. 1, Ex. 3). Both Appellant and Appellee are currently pro s*e*. Appellant appealed the discharge to this Court, and on October 19, 2015, this Court denied Appellant's appeal and affirmed the order of the Bankruptcy Court. (ECF No. 16). Pursuant to Federal Rule of Appellate Procedure 4(a), Appellant had thirty days to file a notice of appeal with the district clerk, with the period ending on November 18, 2015. On November 17, 2015, Appellant filed a motion for an extension of time to file the notice of appeal. (ECF No. 18). Appellant requested the extension because he is self-represented and lives in a part of Vermont where there is no delivery of mail, so he did not receive this Court's October 19, 2015 Order in time to file a timely notice of appeal. (ECF No. 18). Appellee did not file a response, and it is unclear whether she was provided with notice of the motion. This motion is presently before the Court.

DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) authorizes a party to file a "Motion for Extension of Time" and provides that the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." A motion filed before the expiration of the time prescribed in Rule 4(a)(1) may be ex parte. Fed. R. App. Pro. 4(a)(5)(B). No extension of time granted under this provision may exceed 30 days after the time prescribed by Rule 4(a), or 14 days after the order granting the extension of time is entered. Fed. R. App. Pro. 4(a)(5)(C).

"The good cause standard applies in situations in which there is no fault—excusable or otherwise." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 324, n.2 (3d Cir. 2012) (quoting Fed. R. App. P. 4 (Advisory Committee's Notes on 2002 Amendments)). That is, "good cause" is a basis for extending the time to file if the request is made within the original 30 day period for taking the appeal." *Consol. Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 918, n.3 (3d Cir. 1987).

This Court issued its Opinion and Order affirming the Bankruptcy Court's decision on October 19, 2015.  Appellant filed his motion for an extension of time on November 17, 2015, within thirty days of the filing of the Order.  This means that the good cause standard applies, and that the Motion may be decided ex parte.  Thus, although it is unclear whether Appellee was noticed of the motion, the Court finds that Appellant's status as a *pro se* litigant, as well as the fact that he must travel to pick up his mail, provides good cause for an extension of time. Therefore, the Court will grant Appellant's motion.

## CONCLUSION

For the foregoing reasons, Appellant's motion for an extension of time to file a notice of appeal will be granted.  A corresponding order follows.  Appellant will be given an extension of time for 14 days after the order is filed.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

3